# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

WHITSERVE LLC,
          - Plaintiff


          v.                          CIVIL NO. 3:04-cv-01897 (CFD)


COMPUTER PATENT ANNUITIES
NORTH AMERICA, LLC, ET AL,
          - Defendants

### RULING ON DEFENDANTS' MOTION TO DISQUALIFY COUNSEL

Plaintiff, WhitServe LLC ("WhitServe"), brings this suit against Computer Patent Annuities, Inc. and Computer Patent Annuities LP (collectively "CPA") for patent infringement under 35 U.S.C. § 271 et seq. Plaintiff contends that it is the sole owner of United States Patent numbers 5,895,468; 6,182,078; and 6,049,801 which it claims were invented by third-party defendant Wesley W. Whitmyer Jr. ("Whitmyer"). Plaintiff claims that CPA is using these patents without payment or license. CPA has asserted claims against St. Onge, Steward, Johnston & Reens LLC ("St. Onge") and Whitmyer, maintaining that those third-party defendants also have rights in the patents, and asking the court for a declaratory judgment declaring the patents invalid, unenforceable and not infringed by CPA.

Presently before the court is CPA's motion to disqualify St. Onge and Whitmyer from, either directly or indirectly, representing any party in this case.  CPA argues that Whitmyer and St. Onge must be disqualified because, due to their involvement in the prosecution of the patents in question, they are likely to be called as witnesses at trial in violation of D. Conn. L. R. 83.13. For the reasons stated herein, defendants' motion to disqualify Whitmyer **[Dkt. #62]** is **DENIED**.  Defendants' motion to disqualify St. Onge **[Dkt. #62]** is **DENIED AS MOOT**.

## I.   Discussion

Portions of defendants' motion to disqualify appear moot and therefore the merits of defendants' argument on these points will not be discussed.  Defendant originally moved that the court disqualify St. Onge from representing itself *pro se*.  The joint reply memorandum filed in part by St. Onge represents that St. Onge has now secured Schweitzer, Cornman, Gross & Bondell LLP ("Schweitzer") as their outside counsel.  (Mem. Opp'n Mot. at 3). The docket sheet confirms that, in fact, St. Onge has terminated its *pro se* appearance and Schweitzer is now listed as their sole counsel.[1]  Therefore, the issue regarding whether a law firm can

---

[1]

It also appears that at one point Attorney Gene Winter, for St. Onge, entered an appearance on behalf of WhitServe.  CPA's memorandum also addressed the impropriety of this representation under Local Rule 83.13.  However, Mr. Winter's appearance was terminated and Schweitzer is now the only counsel for both WhitServe and St. Onge.

represent itself *pro se* is now moot.

The only ripe issue then is whether the individual third-party defendant Whitmyer may be disqualified from representing himself *pro se*. CPA contends that Whitmyer is attempting to make an "end run" around the ethical rules. Specifically, CPA argues that Whitmyer's *pro se* representation violates D. Conn. L. R. 83.13(a) because Whitmyer is likely to be called as a witness in this case. (Defs.' Mem. Supp. at 28-32). Furthermore, CPA argues that Whitmyer's *pro se* appearance is but a ruse designed at allowing him to represent WhitServe and St. Onge. CPA's argument fails because Whitmyer has the statutory right to represent himself personally and Local Rule 83.13(a) does not apply to *pro se* parties.

The right to represent oneself in a civil case is statutory not constitutional. 28 U.S.C. § 1654; <u>Iannaccone v. Law</u>, 142 F.3d 553, 556 (2d Cir. 1998). The statute states in its entirety,

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. Although not a constitutional right, the right to self-representation in federal civil cases was originally granted by the first Congress and has survived more than two-hundred years. <u>O'Reilly v. New York Times Co.</u>, 692 F.2d 863, 870 (2d Cir. 1982); <u>Iannaccone</u>, 142 F.3d at 556. As the court noted in <u>O'Reilly</u>,

if this [self-representation] is an evil, it is one which

-3-

the first Congress was willing to countenance and which
none of its successors has seen fit to remedy. The right
while indeed statutory rather than constitutional is
nonetheless entitled to respect, and the litigation
advantage of being able to appear both as witness and as
counsel is one which, for better or for worse, parties
have been granted in the federal courts since 1789.

O'Reilly, 692 F.2d at 870.

The statutory language creates no exception to the right to
self-representation. However, CPA argues that Iannaccone sets
forth an exception which, it contends, prevents Mr. Whitmyer from
exercising his statutory right. Despite CPA's contentions,
Iannaccone does not establish an exception, rather, it merely
further defined the term "personally" as it applies within the
statute. The court held that, "because *pro se* means to appear for
one's self, a person may not appear on another person's behalf in
the other's cause. A person must be litigating an interest personal
to him...Thus, the threshold question becomes whether a given
matter is plaintiff's own case or one that belongs to another."
Iannaccone, 142 F.3d at 558 (internal citations omitted). In
effect, the court reiterated that the statute means what it says,
that a person may represent himself personally, but may not in
doing so also represent the interests of others.

CPA appears to argue that Whitmyer is, in effect, representing
the interests of WhitServe and St. Onge. This argument would be
better taken if Whitmyer or other principals of St. Onge or
WhitServe were purporting to represent either entity "*pro se*."

-4-

However, as noted above, there is no longer an issue as to whether any principal of WhitServe or St. Onge can represent either entity "*pro se*." All the members of St. Onge that had originally entered appearances for St. Onge and WhitServe have terminated their representation. Further, while Whitmyer, WhitServe and St. Onge may, as CPA alleges, be inextricably connected it does not erase the fact that CPA has brought a claim against Whitmyer personally.[2] As to the personal claims only, Whitmyer clearly has the right to represent himself. However, Attorney Whitmyer may not use his *pro se* appearance as a subterfuge to represent St. Onge or WhitServe.

That in the course of representing his personal interests Whitmyer may be called as a witness does not change the analysis. Virtually all *pro se* parties are subject to being called as witnesses. With this in mind, courts have recognized that Local Rule 83.13, and its counterpart in other jurisdictions, does not apply to *pro se* parties. <u>Frey v. Maloney</u>, 3:04CV1149(MRK), 2004

---

[2]

CPA's answer and third-party complaint (**Dkt. #24**) clearly alleges claims against Whitmyer personally. "Upon information and belief, third party defendant St. Onge, *including third party defendant Whitmyer*, has certain ownership and/or license rights or interests in the patents-in-suit." (Answer ¶ 47) (emphasis added). "Upon information and belief, *Whitmyer* and/or St. Onge have been in active concert or participation with WhitServe in asserting and filing claims for patent infringement against CPA LP and in asserting that persons utilizing their products and processes of CPA LP are infringing." (Answer ¶ 48) (emphasis added). "*There is an actual controversy between CPA LP and...Whitmyer...regarding invalidity, unenforceablity, and noninfringement of the patents-in-suit.*" (Answer ¶ 49)(emphasis added).

U.S. Dist. LEXIS 26343, at \*3; 2004 WL 3078811, at \*1 (D. Conn. Dec. 21, 2004) (citing similar cases in other districts).

## II.   Conclusion

For the reasons stated herein defendants motion to disqualify Whitmyer **[Dkt. #62]** is **DENIED.**  Defendants' motion to disqualify St. Onge, Steward, Johnston & Rees LLC **[Dkt. #62]** is **DENIED AS MOOT.**

This is not a recommended ruling.  This is a non-dispositive ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 22nd day of December, 2005.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge