```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT



WHITSERVE LLC,
        - Plaintiff



        v.                        CIVIL NO. 3:04-cv-01897 (CFD)



COMPUTER PATENT ANNUITIES
NORTH AMERICA, LLC, ET AL,
        - Defendants
```

## RULING ON CROSS-MOTIONS FOR PROTECTIVE ORDERS

On December 20, 2005 Defendants-Counterclaimants and Third Party Plaintiffs Computer Patent Annuities North America, LLC and Computer Patent Annuities LP (collectively "CPA") moved for the issuance of a Protective Order to govern discovery in this case [Dkt. #62]. On November 7, 2005 Plaintiff, Counterclaimant and Third-Party Defendants WhitServe LLC, St. Onge Steward Johnston & Reens LLC ("St. Onge") and Wesley W. Whitmyer ("Whitmyer") (collectively "WhitServe" or "the WhitServe parties") moved for the issuance of their own version of a protective order [Dkt. #73]. The competing proposed protective orders were then taken under advisement by the court. On December 22, 2006 the court denied CPA's Motion to Disqualify Whitmyer from representing himself *pro se.* One of the major points of contention in the parties' original

proposed protective orders revolved around whether Mr. Whitmyer would be permitted to see documents labeled "attorney's eyes only." CPA alleged that Mr. Whitmyer was a direct competitor and that it would be destructive to their business to allow him access to highly confidential information. With this dispute in mind the court determined that the best procedure would be to allow the parties to reformulate their proposed protective orders with knowledge that Mr. Whitmyer would be permitted to represent himself. It was the court's hope that the parties would come back with a stipulated agreement that would both allow Mr. Whitmyer sufficient access to discovery and protect CPA's confidential information. But the parties have since resubmitted proposed protective orders [Dkts. #175, 181] and, unfortunately, appear to have remained steadfast to their original positions. With the exceptions and modifications outlined below WhitServe's revised proposed protective order **[Dkt. #181]** is **ACCEPTED, ADOPTED and SO ORDERED.**

## I.   Discussion

A review of the proposed protective orders and the supporting submissions reveals three major points of contention: 1) whether Wesley Whitmyer will be permitted access to "Highly Confidential/Attorney's Eyes Only" material; 2) whether CPA's British counsel, Marks & Clerk, should be given access to discovery materials; and 3) the procedures used to designate materials either

"Confidential" or "Highly Confidential."

**A.    Whitmyer's Access to Attorney's Eyes Only Material**

A court may issue a protective order only after the moving party demonstrates good cause.  Fed. R. Civ. P. 26(c); In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).  To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal), No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). The trial court is given broad discretion regarding whether to issue a protective order.  Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion) However, the district court should balance "the hardship to the party against whom discovery is sought against the probative value of the information to the other party." 6 Moore's Federal Practice § 26.101 (Matthew Bender 3d. ed.); See also Brown v. City of Oneonta, 160 F.R.D. 18, 20-21 (N.D.N.Y. 1995).

After a careful comparison of the hardships in this case the court concludes that Mr. Whitmyer should be granted access to all discovery materials.  Arguably this is a close call, which is why

the court had hoped the parties would come to some sort of amicable resolution.  However, being now confronted with a second set of opposing protective orders the court concludes that WhitServe's proposed order provides a fair and adequate balance of the competing interests.

CPA has made strong allegations claiming that Whitmyer is a direct competitor and a developer of computer systems similar to that which CPA also develops.  Thus there is a danger that Whitmyer himself may use the information for a competitive advantage.  Further, Mr. Whitmyer is an attorney for St. Onge and the sole shareholder in WhitServe.  As such there is a further risk that Mr. Whitmyer will either intentionally or unintentionally disseminate protected information to individuals not covered by the protective order.  These hardships must be weighed against the potential probative value of the materials to Mr. Whitmyer.

The court finds that the probative value of the discovery materials outweighs the hardships to CPA.  Because Mr. Whitmyer has been named as an individual party in this litigation, and because he has chosen to represent himself, he must be granted access to the materials necessary to defend himself.  Were he not permitted access to all information, Whitmyer would be put at a disadvantage *vis a vis* all other litigants in this action.  The scale is further tipped in Whitmyer's favor because he has been brought individually into this case by virtue of CPA's own actions.  CPA chose to assert

counterclaims against Whitmyer and St. Onge. As such, CPA must now accept the consequences of their decision.

CPA has supplied the court with one case that supports their proposal. Schlafly v. Public Key Partners, No. C-94 20512 SW (PVT), slip op. (N.D. Cal. July, 18 1995). That case and this one have similarities. In Schlafly the court found that the *pro se* plaintiff was a direct competitor to the defendant who was moving for a protective order. Id. at 3-4. Public Key Partners, the defendant, sought to prohibit the *pro se* plaintiff from accessing discovery materials designated "attorney's eyes only." Id. The defendant proposed a protective order that gave the plaintiff the right to retain an "independent expert consultant" to view "attorney's eyes only" material and advise the plaintiff accordingly. Id. at 2. The court granted the defendant's motion and advised plaintiff to "seek legal counsel or an independent expert consultant as provided in the Protective Order." Id. at 4.

Schlafly is distinguishable from the current case in at least one major respect. In that case, the defendant could not have avoided litigating against a direct competitor who was also *a pro se* party. In this case CPA did have such a choice and chose to assert claims against Mr. Whitmyer as an individual. Moreover, in the court's view there is an even more compelling reason not to follow the Schlafly ruling. The decision in Schlafly ignores the well-settled law granting all civil litigants the unequivocal right

of self-representation outlined by this court in its previous ruling. WhitServe LLC v. Computer Patents Annuities N. Am. LLC, NO. 3:04-cv-01897 (CFD), 2005 U.S. Dist. LEXIS 38408, at *4-8 (D. Conn. Dec., 22 2005); See Also 28 U.S.C. § 1654; O'Reilly v. New York Times Co., 692 F.2d 863 (2d Cir. 1982); Iannaccone v. Law, 142 F.3d 553 (2d Cir. 1998). In "suggesting" that the *pro se* plaintiff obtain counsel or an independent expert, the court essentially ruled that the plaintiff no longer had the right to full self-representation. At the very least, the court insinuated that if the plaintiff continued to assert his statutory right to self-representation he would be doing so severely hampered by a lack of information. Granting a party the right to represent himself while refusing him access to the tools necessary to accomplish that representation renders the right meaningless. This court is unwilling to similarly hamstring Whitmyer. Therefore, Mr. Whitmyer will be given access to all discovery materials including those designated "attorney's eyes only."

## B.  Marks & Clerk's Access to Discovery Material

CPA's protective order would allow the law firm of Marks & Clerk Solicitors access to all discovery materials. CPA represents that Marks & Clerk are "British attorneys to CPA LP." WhitServe's protective order would not allow Marks & Clerk access to any documents covered under the protective order. They argue that Marks & Clerk should not have access to confidential-protected

information because they are not the attorneys of record and are not subject to the personal jurisdiction of this court.

WhitServe's argument is well taken.  There is no reason why Marks & Clerk should be granted access to protected information when CPA is already adequately represented by two American law firms.  Therefore, under the present circumstances, Marks & Clerk will be prohibited from accessing material covered under the protective order.  However, if Marks & Clerk files an appearance, it will be permitted the same access to protected information as Day, Berry and Howard LLP and Shiff Hardin LLP.

**C.   Designation of Material**

Both proposed protective orders call for a two tier scheme under which materials will either be categorized as "confidential/protected" or "highly confidential/attorney's eyes only."  The only truly substantive difference between the two proposed orders is that WhitServe's refers to "Schedule A" which pre-delineates specific classes of documents as falling within either protected category level.  CPA argues that such a list adds an unnecessary layer of possible contention which will only lead to further disputes.  The court agrees.  WhitServe's "Schedule A" is excluded from the protective order.  Each party will exercise good faith when labeling documents in accordance with the protective order.

## II.    Conclusion

Based on the reasons stated herein, WhitServe's Proposed Protective Order [Dkt. #181], as modified in accordance with this ruling, is **ACCEPTED ADOPTED and SO ORDERED**.  The protective order is now binding on the parties.  The parties shall file within thirty days a joint stipulated protective order in accordance with this ruling.  This is not a recommended ruling.  This is a non-dispositive ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

   **Dated at Hartford, Connecticut this 21st day of April, 2006.**


                                        /s/ Thomas P. Smith
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**