UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**WHITSERVE LLC,**
    **- PLAINTIFF**


    **V.**                                        **CIVIL NO. 3:04-CV-01897 (CFD)**

**COMPUTER PATENT ANNUITIES**
**NORTH AMERICA, LLC, ET AL,**
    **- DEFENDANTS**

**RULING ON DEFENDANT'S MOTION TO COMPEL**

## I. Introduction

Plaintiff, WhitServe LLC ("WhitServe"), brings this suit against Computer Patent Annuities, Inc. and Computer Patent Annuities LP (collectively "CPA") for patent infringement under 35 U.S.C. § 271. Plaintiff contends that it is the sole owner of United States Patent numbers 5,895,468 and 6,182,078 which it claims were invented by third-party defendant Wesley W. Whitmyer Jr. ("Whitmyer").[1] Plaintiff claims that CPA is using these patents without payment or license. CPA has asserted claims against St. Onge, Steward, Johnston & Reens LLC ("St. Onge") and Whitmyer, maintaining that those third-party defendants also have rights in

---

[1] Patent number 6,049,801 was also allegedly infringed in the Complaint, however the parties have since stipulated to its removal (Dkt. #143).

the patents, and asking the court for a declaratory judgment declaring the patents invalid, unenforceable and not infringed by CPA.

Presently before the court is CPA's Motion to Compel answers to interrogatory 16. Interrogatory 16 asked plaintiff to:

> State how each and every claim limitation in each of the Patents-in-Suit should be construed, including the phrase "client response form" as set forth in certain claims of the Patents-in-Suit, including your construction of each term or phrase, an identification of the specific definition you are relying on if your construction is alleged to be the ordinary meaning of a term or phrase, a description of all facts supporting or refuting your construction, the identity of all persons knowledgeable about the subject matter of this interrogatory, and the identity of all documents and things concerning the subject matter of this interrogatory.

The plaintiff responded:

> WhitServe objects to this interrogatory as premature as requiring claim construction and improper to the extent it seeks to compel Plaintiffs to provide the substance of their claim construction before the date ordered by the Court for the filing of claim construction briefs. WhitServe objects to this interrogatory as calling for a legal conclusion. WhitServe also objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicant privilege or immunity. WhitServe further objects to this Interrogatory as vague and ambiguous and unduly burdensome.
> Subject to, and without waiving these, or its general objections, WhitServe responses as follows.
> The phrase "client response form" should be construed according to its plain ordinary meaning.

For the reasons set forth herein, CPA's motion to compel **[Dkt. # 177]** is **GRANTED**.

## II.  Standard

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The parties may obtain discovery through the use of interrogatories without first obtaining leave from the court. Fed. R. Civ. P. 33(a). Each interrogatory must be "answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1).

The party resisting discovery bears the burden of showing "how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Compagnie Francaise d'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). The court, in deciding discovery issues, is afforded broad discretion. See Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004).

## III.  Discussion

Patent infringement litigation is a two-stepped process. During the first phase the court determines how the patent claims

-3-

are to be interpreted. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). Patent claims "are the numbered paragraphs [located within the patent document itself] which particularly point out and distinctly claim the subject matter which the applicant regards as his invention. It is to these wordings that one must look to determine whether there has been infringement." Autogiro Co. of America v. United States, 181 Ct. Cl. 55, 60 (U.S. Ct. Cl. 1967)(internal quotations omitted). "The claims of a patent, as distinguished from the specification and drawings, define the invention protected by the patent." Jeneric/Pentron, Inc. v. Dillon Co., 171 F. Supp. 2d 49, 57 (D. Conn. 2001). Claim interpretation is a question of law determined exclusively by the court. Markman, 52 F.3d at 977.

The issue of claim interpretation is normally resolved following a Markman hearing wherein the opposing parties present the court with arguments in favor of their interpretation of the patent claims. Edberg v. CPI-The Alternative Supplier, Inc., 156 F. Supp. 190, 195 (D. Conn. 2001) ("the purpose of a Markman hearing is to construe the patent claims so that the Court can instruct the jury on the meaning of the patent.") (internal quotations omitted). After the Markman hearing the typical patent case proceeds to the second step –- the trial phase. At trial the jury makes the factual determination regarding whether the defendant's product infringes the plaintiff's patent claims as

interpreted by the court.  Markman, 52 F.3d at 977.

Because of the central role claim interpretation plays in patent litigation parties will often seek discovery to uncover how their opposition is interpreting the patent claims.  Such an inquiry is clearly relevant.  See Fed. R. Civ. P. 26(b)(1).  A party may even "demand that its opponent state exactly what its claims are, even asking for legal conclusion[s] or opinions.  S.S. White Burs, Inc. v. Neo-Flo, Inc., No. 02-3656, 2003 U.S. Dist. LEXIS 7718 at *3-4 (E.D. Penn. May 2, 2003); see also Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."); Conopco, Inc. v. Warner-Lambert Co., No. 99-101 (KSH), 2000 U.S. Dist. LEXIS 1601 at *4-5 (D. N.J. Jan. 26, 2000).

The party answering an interrogatory is under an obligation to respond separately, fully and truthfully.  Fed. R. Civ. P. 33(b)(1); Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995) (an interrogatory answer merely referencing an outside document violates the Rule 33(b)(1) requirement.)  Further, interrogatory answers "must be responsive, complete, and not evasive." 7 Moore's Federal Practice, §33.101 (Matthew Bender 3d ed.).  In answering a claim construction interrogatory a party using the well-trodden *pro forma* response that the "claims should

be construed according to their plain meaning by people skilled in the relevant art" is in violation of their Rule 33(b)(1) obligations.  See Carver v. Velodyne Acoustics, Inc., 202 F.R.D. 273, 274-75 (W. D. Wash. 2001).  A party offering a vague formulaic response to a claim construction interrogatory may be precluded from offering any further evidence of claim interpretation at later stages in the litigation.  See Clintec Nutrition Co. v. Baxa Corp., No. 94 C 7050, 1998 U.S. Dist. LEXIS 13541 at *19-20 (N.D. Ill. Aug 26, 1998).

Moving now to the case at hand, the court notes that it views as waived many of the objections made by the plaintiff in its response to interrogatory 16 because the objections have been abandoned in the Memorandum in Opposition to CPA's Motion to Compel.  In any event the court finds the objections without merit for the reasons stated above and in CPA's Memorandum in Support if its Motion to Compel.  What is left then is WhitServe's contention that the interrogatory is overly broad and burdensome.  WhitServe represents that it is "willing to provide the ordinary meaning of those claim terms that CPA Defendants believe are in dispute." (Mem. Opp'n at. 6.)  To facilitate this process WhitServe suggests that CPA provide them with a list of disputed claim terms.  The court finds that WhitServe's proposal will simply add another unnecessary layer of complication to an already contentious discovery process.

As noted earlier, claim construction is a necessary component of patent litigation. Thus, this litigation will inevitably wind its way towards the answers sought by interrogatory 16. If at some point the parties will be required to present their interpretation of the claims in a Markman hearing, the court sees no reason why WhitServe should not provide its claim construction to CPA now. It is WhitServe and not CPA who is the plaintiff in this action and thus asserting that the patent claims are being infringed. Basic fairness suggests that WhitServe provide meaning to the words CPA's product has allegedly infringed. Further, WhitServe's suggestion that CPA supply it with those terms in dispute assumes that CPA knows or should know which terms are in dispute. The court finds that the best way to determine which claims are in dispute is to have the party asserting infringement provide their interpretations to the alleged infringer so that the defendant can determine which terms they agree on and which they do not.

Finally, WhitServe has made clear that if compelled to provide an answer to interrogatory 16 that its answer would simply state that the terms are to be given their ordinary meanings. Such a declaration does not fully answer the interrogatory as required by Fed. R. Civ. P. 33(b)(1). Interrogatory 16 properly asks WhitServe to provide support for its asserted definitions. Thus, if WhitServe is claiming that the terms are to be construed using their ordinary meaning then they should cite to a general or

technical dictionary or any other source on which they are comfortable in relying for the "ordinary" meaning.  Further, interrogatory 16 requires WhitServe to provide "the identity of all persons knowledgeable about the subject matter of this interrogatory, and the identity of all documents and things concerning the subject matter of this interrogatory."  WhitServe must supply this information.

## IV. Conclusion

For the reasons set forth herein, CPA's Motion to Compel **[Dkt. #177]** is **GRANTED**.  Plaintiff is **ORDERED** to answer interrogatory 16 in a manner consistent with this ruling within thirty days.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 9th day of May, 2006.**

                **/s/ Thomas P. Smith**
                **Thomas P. Smith**
                **United States Magistrate Judge**